ASHLEY B. VINSON (SBN 257246)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:	415-765-9500
Facsimile:	415-765-9510
avinson@akingump.com

Attorneys for Plaintiff COPART, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| COPART, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIGHTMAKER USA, INC.,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**PLAINTIFF COPART, INC.'S ORIGINAL COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Copart, Inc. ("Copart") files this Original Complaint against Defendant Lightmaker USA, Inc. ("Lightmaker"), and hereby states and alleges the following:

**I.**

**PARTIES**

1.　　Plaintiff Copart is an online auctioneer of vehicles and is incorporated in the state of Delaware and has its principal place of business in Dallas, Texas.

2.　　Defendant Lightmaker is a Florida corporation engaged in the business of designing and launching websites, and whose principal place of business is located at 6881 Kingspointe Parkway, Suite 12, Orlando, Florida 32819.  Lightmaker may be served through its registered agent, Mr. Adrian Barrett, and can be served at 6881 Kingspointe Parkway, Orlando, Florida 32819.

**II.**

**JURISDICTION AND VENUE**

3.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2), in that complete diversity of citizenship exists.  The matter in controversy exceeds $75,000, exclusive of interest and costs, which is the sum specified by 28 U.S.C. § 1332(a).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.  The location where the parties negotiated and executed the agreement at issue in this case, the location of Copart's principal place of business until Copart recently moved it to Dallas, Texas, and the location in which a substantial portion of the performance of the agreement took place was in Fairfield, California.

**III.**

**FACTS**

5.     On or about February 21, 2011, Copart and Lightmaker entered into a Master Services Agreement ("MSA") that sets forth the basic terms and conditions to govern the business relationship between Copart and Lightmaker.  Section 10.7 of the MSA provides that it shall be governed by the laws of California.

6.     The parties subsequently entered into a Statement of Work on or about October 11, 2011 ("SOW"), and Amendments to the SOW on or about February 2, 2012, July 26, 2012 and October 4, 2012 ("Amendments"), respectively (the MSA, SOW and any Amendments to the SOW are collectively referred to as the "Agreement").  The SOW and the Amendments are incorporated by reference into the MSA and set forth the details of the services Lightmaker agreed to provide to Copart, including price, completion date of the project, and other material terms.

7.     In the Agreement, Lightmaker agreed to redesign and launch six websites for Copart—U.S. Public, U.S. Member and U.S. Seller, U.K. Public, U.K. Member and U.K. Seller—for a fixed fee of $2,190,000.  The project was to be completed by a date certain.

8.     Lightmaker has failed to fulfill its obligations under the Agreement.

PLAINTIFF COPART, INC.'S ORIGINAL COMPLAINT                                         Case No.

9. On or about November 19, 2012, Lightmaker demanded that Copart pay additional fees and extend the completion deadlines eight months in order for Lightmaker to complete the websites. Lightmaker also threatened to withdraw resources. Lightmaker has not completed the websites.

10. On or about November 28, 2012, Copart requested that Lightmaker perform the Agreement by completing the project under the specified terms.

11. On or about December 4, 2012, Lightmaker improperly terminated the Agreement pursuant to Section 6.2 of the MSA without providing written notice of the alleged breaches and without allowing Copart thirty (30) days to cure its alleged material breach.

## IV.

## **BREACH OF CONTRACT**

12. Copart incorporates Paragraphs 1 through 11 as if set forth verbatim herein.

13. Copart and Lightmaker entered into the Agreement wherein Lightmaker agreed to redesign and launch six websites for a fixed fee. Copart made payments to Lightmaker pursuant to the Agreement. Lightmaker, without justification, stopped performance under the Agreement, prior to completing the six websites for Copart.

14. Lightmaker terminated the Agreement on December 4, 2012 without identifying any alleged breaches and without providing any opportunity for cure. Lightmaker's unjustified termination was in violation of the Agreement and constitutes an anticipatory repudiation of the Agreement.

15. As a result of Lightmaker's unjustified termination and breach of the Agreement, Copart has suffered damages.

## V.

## **CONDITIONS PRECEDENT**

16. Any and all conditions precedent have been performed by Copart or have occurred.

## VI.

## **ATTORNEYS FEES**

17. As a result of Lightmaker's breach, Copart has been forced to retain counsel and seeks reimbursement for its reasonable and necessary attorneys' fees as permitted by law.

3

PLAINTIFF COPART, INC.'S ORIGINAL COMPLAINT                                           Case No.

# VII.

## **DEMAND FOR JURY TRIAL**

18. Plaintiff Copart hereby demands a trial by jury.

# VIII.

## **PRAYER**

WHEREFORE, Copart requests that Lightmaker, named herein, be cited to appear and answer, and that on final trial, Copart receives the following: (1) damages for Lightmaker's anticipatory repudiation and breach of the Agreement; (2) reasonable and necessary attorneys' fees and costs incurred in the presentation of this action; (3) prejudgment and post-judgment interest, each at the maximum rate allowed by law; (4) fees and costs on appeal, if any; and (5) all other and further relief to which Copart may show itself justly entitled.

Dated: December 4, 2012                    AKIN GUMP STRAUSS HAUER & FELD LLP

                                           By:   /s/ Ashley B. Vinson

                                                 Ashley B. Vinson
                                                 Attorneys for Plaintiff COPART, INC.