Curtis P. Holdsworth, Esq. (SBN 174080)
Kohut & Kohut LLP
600 Anton Blvd., Ste. 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile: (714) 384-4131

Attorneys for Plaintiff Copart, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| COPART, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>LIGHTMAKER USA, INC.<br><br>          Defendant. | No. 2:12-CV-02943-TLN-CKD<br><br>**JOINT STIPULATION REGARDING CONFIDENTIAL MATERIAL; ORDER THEREON** |

## CONFIDENTIALITY ORDER

Pursuant to Rule 26(c)(7), it is hereby stipulated, by and between Plaintiff Copart, Inc. ("Copart") and Defendant Lightmaker USA, Inc., ("Lightmaker") by and through their respective counsel of record, and subject to approval by the Court, that the following Confidentiality Order shall govern the designation and handling of confidential information regardless of the medium or manner generated, stored, or maintained (including, among other

_____
1
**STIPULATED PROTECTIVE ORDER**

things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

     1.     Any party to this action and any non-party who produces documents or other information in this action may designate such information as "CONFIDENTIAL" pursuant to this Order.  The following material may be designated: (a) material which the producing party believes, in good faith, is subject to protection under Federal Rules of Civil Procedure 26(c)(7), and Local Rule 141(c), such as proprietary business or financial information; (b) trade secrets pursuant to the Uniform Trade Secrets Act; (c) information subject to a legally protected right of privacy; (d) information as to which the parties and/or third parties have reserved the right, by contract or otherwise, to object to or resist disclosure; and (e) other information not generally a matter of public record, or information that a party or non-party would not normally reveal to third parties or would cause third parties to maintain in confidence.  The types of information for which there is a particularized need for protection by court order include, but are not limited to, customer lists, user information or data, designs, technologies, inventions, source code, formulae, and all improvements and derivatives thereof, and any information divulged by the parties in connection with Lightmaker's redesign and/or development of Copart's websites that is deemed "Confidential" or "Proprietary" under the Master Service Agreement.

     2.     Information deemed confidential pursuant to this Order shall be designated by stamping or otherwise affixing to the information the legend "CONFIDENTIAL."  The legend shall be stamped or affixed so as not to obscure or deface the information.  The designation of any information as "CONFIDENTIAL" pursuant to this Order shall not constitute an adjudication that such information, in fact, constitutes or contains such confidential information.

     3.     Confidential information quoted in any pleading or that otherwise is presented to this Court shall be filed under seal and in compliance with Eastern District of California Local Rule 141.  The party filing the confidential information with the Court shall bear the burden of filing the application to file the confidential information under seal, in accordance

with the Local Rule 141 of the Eastern District of California and the orders of the Court. Copies of any motion, pleading or other document containing confidential information obtained pursuant to this Order shall be stamped on the cover page with the legend "CONFIDENTIAL." Confidential information obtained pursuant to this Order that is used in any court proceeding, including depositions, shall not lose its confidential status, and the parties shall take all steps reasonably necessary to protect the confidentiality of such information during its use.

4.   Any party who wishes to designate, as confidential, deposition testimony may do so on the record during the deposition or within thirty (30) days after receipt of the deposition transcript by providing written notice of the designation to the parties and any other affected person.  Until the thirty (30) day designation period has expired, all deposition testimony shall be treated as confidential.  If the designation is made by notice after receipt of the transcript, any party receiving notice of the designation shall stamp as "CONFIDENTIAL" the designated portions of the copies of the transcript in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party likewise are appropriately stamped.

5.   If any document or information designated as "CONFIDENTIAL" pursuant to this Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.  The Court reporter for the deposition shall mark the cover page of the deposition transcript and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 2 of this Order.  Only individuals who are authorized by the terms of this Order to see or receive such material may be present during the discussion or disclosure of such material.

6.   Any party may designate as "CONFIDENTIAL" any documents or information previously produced or disclosed without such designation by the producing party, within 60 days, by delivering written notice to the counsel who requested or obtained the confidential material and by providing to all parties copies of the documents with the

"CONFIDENTIAL" legend.  No party shall be liable for publicly disclosing a document deemed confidential if that disclosure occurred prior to receipt of said written notice.

7. In the event that at any time any party disagrees with another party's designation of any material as confidential, the parties shall confer in good faith to resolve the dispute.  In conferring, the objecting party must explain, in writing, the basis for its belief that the confidentiality designation was not proper.  The objecting party must also meaningfully identify the objectionable material, and must give the designating party an opportunity to review the designated material, to reconsider the circumstance, and, if no change in designation is offered, to explain the basis for the chosen designation.  If the objections are not resolved on an informal basis within 15 calendar days after the objecting party gives notice in writing to the designating party, either party may submit to the Court for a ruling the appropriate noticed motion within 30 calendar days of said notice.  Any disputed document or other material shall be treated as confidential until the Court rules otherwise.

8. All persons receiving confidential information pursuant to this Order are enjoined from disclosing such information and shall keep such information confidential as provided herein.  This Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court, which may be entered pursuant to stipulation of the parties hereto.  This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom confidential information is disclosed hereunder.

9. All information designated as confidential pursuant to this Order shall be used by counsel for the parties to this action only for the purpose of this litigation and shall not be used for any business, financial or other purpose whatsoever.

10. Except by agreement between the parties or further order of this Court, information designated as "CONFIDENTIAL" pursuant to this Order shall not be disclosed to any person other than the following:

(a) The Court, including Court staff and administrative personnel, and discovery referee or settlement mediator;

      (b)     Counsel for any party to this action, including support staff or such counsel;

      (c)     Counsel for any insurer or indemnitor of any defendant, including support staff of such counsel;

      (d)     Named parties and/or officers or employees of any party to this action who are assisting counsel in the prosecution or defense of this action;

      (e)     Any court reporter or videographer employed in this litigation and acting in that capacity;

      (f)     Experts or consultants retained by counsel to assist in the preparation of this action or to testify at trial or at any other proceeding of this action;

      (g)     Any actual or potential witness in this action whom the propounding party has a good faith reason to believe are likely to have personal or expert knowledge concerning the matter described in the Confidential Information being presented;

      (h)     Any person testifying at a deposition in this action; and

      (i)     Any person identified as having authored or previously received such material.

11.    Counsel desiring to reveal confidential information to any of the persons referred to in paragraphs 10(f)-(h) shall inform such person that the material is subject to this Confidentiality Order and shall provide such person with a copy of this Order and a copy of Exhibit A prior to disclosure of any material designated as confidential.  Counsel desiring to reveal confidential information to any of the persons referred to in paragraph 10(f)-(h) shall receive a signed copy of Exhibit A before disclosing any material designed as confidential to such person and shall maintain the executed copy of Exhibit A.

12.    Information designed confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom confidential information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives

prompt notice to counsel for the party which made the designation, and permits counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order order in the action in which the subpoena was issued.

13. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

14. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party's counsel has indicated which material it would like copied and produced. During the inspection and before designation, all of the material made available for inspection shall be deemed confidential. After the inspecting party's counsel has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend "CONFIDENTIAL." Nothing in this paragraph requires the receiving party's counsel to inspect documents before they are copied for production. It is in the requesting party counsel's sole discretion to have delivered a complete set of responsive documents to a discovery request without prior inspection of said responsive documents.

15. Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, including any appeals, each receiving party must return all confidential information to the producing party. As used in this subdivision, confidential information includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the confidential information. With

permission in writing from the designating party, the receiving party may destroy some or all of the confidential information instead of returning it.  Whether the confidential information is returned or destroyed, the receiving party must submit a written certification to the producing party by the sixty-day deadline that identifies all the confidential information that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the confidential information.  Notwithstanding this provision, counsel in this action are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain confidential information.  Any such archival copies that contain or constitute confidential information remain subject to this Order as set forth in paragraph 8 above.

16. This Order shall apply to all parties, including all parties that may be brought into this case after execution of this Order, and to all non-parties producing or receiving confidential information.

17. If, by inadvertence or otherwise, any confidential information is disclosed to any person not authorized to receive it under this Order, then the disclosing person shall promptly identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and use best efforts to bind the recipient(s) to the terms of this Order.  No information shall lose its confidential status because it was disclosed inadvertently or disclosed to a person not authorized to receive it under the terms of this Order.

18. The Court shall retain jurisdiction, even after termination of this lawsuit: (a) to make such amendments, modifications, and additions to this Order as it may from time to time be deemed appropriate upon good cause shown; and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.  The parties may provide by stipulation for exceptions to this Order.

19. Nothing in this Order shall be deemed to relieve a party from producing documents or from making timely responses or objections to discovery requests.  Nothing in this Order shall be deemed a waiver of any party's rights to oppose production of any

information, whether or not confidential, upon any proper grounds.  No party waives any right to object on any grounds the use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED:

DATED:  April __, 2013					KOHUT & KOHUT LLP
							CURTIS P. HOLDSWORTH


							By:  _____
							       Curtis P. Holdsworth
							       Attorneys for Plaintiff COPART, INC.


DATED:  April __, 2013					PORTER SCOTT
							CHRIS EGAN



							By:  _____
							       Chris Egan
							       Attorneys for Defendant
							       LIGHTMAKER USA, INC.


   FOR GOOD CAUSE SHOWN, this stipulated protective order regarding confidentiality of material, in its entirety, is hereby ordered into full force and effect.

Dated:  April 30, 2013

							_____
							CAROLYN K. DELANEY
							UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Copart, Inc. v. Lightmaker USA, Inc.*, Case No. CV-02943-TLN-CKD. I agree to comply with and to be bound by all the terms of this Confidentiality Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

9

**STIPULATED PROTECTIVE ORDER**