UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COPART, INC.,

        Plaintiff,

   v.

LIGHTMAKER USA, INC.,

        Defendant.

No. 2:12-cv-2943 TLN CKD

ORDER

    Plaintiff's motion to compel came on regularly for hearing on September 24, 2014. Curtis Holdsworth appeared telephonically for plaintiff. Ashley Wisniewski appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    The parties have filed a supplemental statement stipulating that the majority of the discovery dispute has been resolved. The only remaining issues are with respect to requests for production of documents, nos. 2 and 3. Defendant objects to production of the responsive documents on the basis of attorney client privilege[1] and the work product doctrine.[2] At the

---

[1] The basis of jurisdiction in this action is diversity; accordingly California law governs any privileges asserted. Fed. R. Evid. 501.

[2] Attorney work product is not considered a "privilege" for choice of law purposes. Federal law therefore governs application of that doctrine.

1

hearing, defense counsel clarified that Admiral Insurance is defending this action with a reservation of rights. Plaintiff's counsel conceded at the hearing that communications between defense counsel and Admiral Insurance are not sought by way of the document requests in dispute.[3] However, plaintiff's counsel correctly argued that correspondence between defendant and Admiral Insurance, regarding notice or tender of claims and investigative follow-up and which were not created by defense counsel, do not constitute protected work product.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 28) is granted in part. Within thirty days, defendant shall produce responsive documents to requests for production of documents, nos. 2 and 3. Any documents for which a claim of attorney client privilege or work product protection are made need not be produced but shall be separately identified in a privilege log, setting forth the author, recipient, date and general nature of the document. Any reservation of rights letter(s) produced pursuant to this order may redact information setting forth the nature and substance of the coverage dispute.

Dated: September 26, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes that the communications between the insured defendant and its insurance carrier are in certain circumstances protected under California law. California Code of Civil Procedure § 2017.210 provides in pertinent part that information regarding insurance coverage is discoverable and "may include the identity of the carrier and the nature and limits of the coverage. A party may also obtain discovery as to whether that insurance carrier is disputing the agreement's coverage of the claim involved in the action, but not as to the nature and substance of that dispute." See generally Lectrolarm v. Pelco, 212 F.R.D. 567 (E.D. Cal. 2002) (in case based on federal question jurisdiction, discovery of communications between insured and carrier not allowed, recognizing common interest doctrine).

2